IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JILL MUEHLENKAMP,

    Plaintiff,                                                                 ORDER

    v.                                                                   14-cv-449-wmc

CAROLYN COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____

    This matter has been set for oral argument on August 25, 2015, at 11:00 a.m., principally to address whether the ALJ has adequately accommodated for Muehlenkamp's migraines in the Residual Functional Capacity ("RFC") determination. As the Commissioner is well aware, the ALJ must assess Muehlenkamp's RFC "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). Examples of the types of evidence required to be considered in making an RFC assessment are the claimant's medical history, medical signs and laboratory findings, and medical source statements. SSR 96–8p.

    Based on all of the relevant evidence in the record, an ALJ must then make specific findings. In particular:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . . [T]he adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

> The adjudicator must also *explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved*.

SSR 96–8p (emphasis added).

A narrative discussion describing how the evidence supports each conclusion ensures that the record has been fully developed. More importantly, it ensures that evidence has not been cherry-picked by the ALJ to confirm a finding of non-disability. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).

Accordingly, the court will seek guidance from the parties' counsel during oral argument with regard to the following:

1. Whether the ALJ *adequately* addressed Muehlenkamp's medical records evidencing her problems with migraine headaches (*i.e.*, her 30 documented appointments from April of 2010 to May of 2011 (Pl.'s Br. Reply (dkt. #16) 2.)).

2. Whether Muehlenkamp's migraine headaches were properly accommodated for in the RFC. The court will place particular emphasis on:

    (a) *Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014) ("The ALJ's RFC determination . . . and the limitations presented to the vocational expert that followed from that determination[] are conclusory and are based on findings that failed to address the record as a whole.");

    (b) *Herron v. Shalala*, 19 F.3d 329, 333-34 (7th Cir. 1994) (declaring that the ALJ must explain her analysis of the evidence with enough detail and clarity to permit meaningful appellate review);

(c) *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ("Although an ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling.");

(d) *Oliver v. Colvin*, No. 12-cv-00400-wmc, 2014 WL 941820, at *5 (W.D. Wis. Mar. 11, 2014) (addressing deficiencies in the RFC requiring remand).

3. The Commissioner also raises a harmless error argument, asserting that plaintiff has not cited to *any* evidence of disabling migraine symptoms after May 2011, which is the month in which the ALJ found plaintiff's disability had ended. The court will seek further clarification on this argument in light of plaintiff citing notes mentioning complaints about migraines from her visits with Dr. Lehner on September 1, 2011, and July 17, 2012. (Pl.'s Br. Sppt. Mot. Summ. J. (dkt. # 14) 7-8.)

ORDER

IT IS ORDERED that: (1) in advance of the previously scheduled oral argument on Tuesday, August 25, 2015, at 11:00 am, counsel prepare to address the issues above; and (2) the parties consider meeting and conferring regarding a possible stipulated remand before oral argument.

Entered this 14th day of August, 2015.

BY THE COURT:

/s/
_____
William M. Conley
District Judge