IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JILL MUEHLENKAMP,

                                                                                                          OPINION & ORDER

                                      Plaintiff,

    v.

                                                                                                       14-cv-449wmc

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                                      Defendant.

---

      Pursuant to 42 U.S.C. § 405(g), plaintiff Jill Muehlenkamp seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, which denied her application for Social Security Disability Insurance Benefits and Supplemental Security Income. On August 25, 2015, the court heard oral argument on plaintiff's contention that the administrative law judge ("ALJ") failed to accommodate properly for Muehlenkamp's migraine headaches in the residual functional capacity ("RFC") determination. While the court readily acknowledges the difficult task that ALJs face in reviewing the large number of social security applications assigned to them each year (not to mention many more that are remanded by courts), and commends the ALJ in this case in particular for issuing a largely well-reasoned and thoughtful decision, this case must nevertheless be remanded to address an apparent inconsistency between the ALJ's finding that Muehlenkamp suffers from severe migraines and the lack of any accommodation for them in the RFC.

BACKGROUND

As discussed in more detail in the ALJ's written decision and during the hearing. Muehlenkamp asserts that she is unable to work because of multiple impairments, among which are migraine headaches. The record contains medical treatment notes from 2010, 2011 and 2012 regarding Muehlenkamp's repeated treatment for apparently severe migraines. Muehlenkamp also testified at her hearing before the ALJ in January 2013 that she still suffers from migraines. (AR 61.)[1]

Plaintiff cites to medical treatment notes from at least thirty separate visits to her treating physicians at which she complained about currently suffering from or having recently suffered from migraines. (Pl.'s Opening Br. (dkt. #14) 1-8, 16-29.) These notes reflect that Muehlenkamp reported experiencing serious migraines that: (1) lasted for multiple days (AR 340); (2) occurred frequently over the span of several months (AR 342); (3) inhibited her appetite and ability to sleep (AR 326); (4) caused nausea and vomiting (AR 340); and (5) made her sensitive to light and sound (AR 346). Crediting these reports, Muehlenkamp's physicians regularly prescribed drugs to relieve the pain and nausea caused by her migraines. (AR 322.) The medical notes also support a finding that Muehlenkamp's migraines may affect her ability to maintain full-time employment.

In the ALJ's decision, the ALJ credited Muehlenkamp's migraines as one of several severe impairments, writing that "[a]s of May 1, 2011, the claimant has the following severe impairments: history of non-union of left femur fracture, osteoarthritis, degenerative disc disease, migraine headaches, fibromyalgia, and polysubstance

---

[1] The citations in this Order are drawn from the administrative record ("AR"). (Dkt. # 10)

2

dependence in reported remission."[2] (AR 835.) The ALJ nevertheless determined that Muehlenkamp's RFC allowed for sedentary work as defined in 20 C.F.R. § 404.1567(a),[3] with the additional limitations that her work: (1) gives her the option to sit or stand; (2) is limited to simple, routine and repetitive tasks; (3) does not involve piece work or assembly line work; and (4) permits her to be off-task up to ten percent of the work day in addition to her regular breaks.  (AR 836.)

OPINION

As plaintiff's counsel points out, none of the RFC limitations adopted by the ALJ appear to accommodate for the possible causes or effects of Muehlenkamp's recurring migraines as reflected in the record (such as her sensitivity to light and sound or the likelihood that migraines would cause her to be absent from work), nor did the ALJ discuss her migraines in relation to any of the RFC limitations or explain why no further accommodations were necessary on the record before him.  Thus, the inconsistency between the ALJ's finding that Muehlenkamp's migraines were a severe impairment and the lack of any accommodation for them in the RFC requires remand.  *See Moore v. Colvin*, 743 F.3d 1118, 1127 ("It is possible to postulate which [limitations in the RFC] were related to migraines as opposed to the other severe or non-severe impairments . . .

---

[2]May 2011 is the last month for which Muehlenkamp received benefits for an earlier disability, principally caused by a severe left femur fracture.  (AR 70, 835.)

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

but the reviewing court should not have to speculate as to the basis for the RFC limitations."); *Irizarry v. Astrue*, No. 10-cv-606-wmc, 2013 WL 4197096, at *10 (W.D. Wis. Aug. 15, 2013) (finding that remand was appropriate in part because the ALJ found that the claimant's migraines were a severe impairment but did not include any limitations associated with headaches in the RFC).

In remanding, the court acknowledges that just as with her left femur fracture, the record *may* support a finding that Muehlenkamp had a *history* of severe migraines before May 2011, but that the medical records suggested they were no longer sufficiently severe to require any specific, ongoing accommodation (although the ALJ may wish to further develop the record with respect to the severity of migraines she continued to report to physicians after May 2011). However, this court is not allowed to guess at unarticulated reasons that may explain gaps and apparent inconsistencies in the ALJ's reasoning.

Furthermore, while the ALJ discussed what weight he gave to the opinions of Muehlenkamp's physicians who treated her migraines (among other limitations), as well as explained why he doubted Muehlenkamp's credibility as to her allegations about the severity of some of her conditions (AR 838-40), the ALJ did not articulate the relevance of those determinations in his apparent decision to the reasons why the RFC did not include any limitations for Muehlenkamp's migraines in particular. Without an explanation, the court cannot dispatch of its duty to engage in meaningful appellate review. *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin,

Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 28th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
U.S. District Court Judge